Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roberto Rivas, *on behalf of himself and others similarly situated,* ) ) | Civil Case No.: |
| *Plaintiff,* ) ) | |
| -v- ) ) | **FLSA COLLECTIVE ACTION** |
| Ripe Juice Bar & Grill, Freshark Franchise Corp., Peter Kambitsis, Elias Kalogiros, and Gabriel Olivera, *jointly and severally,* ) ) ) ) | **COMPLAINT** |
| *Defendants.* ) ) | |

## NATURE OF THE ACTION

1.    Plaintiff Roberto Rivas, ("Plaintiff"), on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay, and notice and record-keeping violations.

## SUMMARY

2.    Plaintiff was employed by Defendants, Ripe Juice Bar & Grill, Freshark

Franchise Corp., Peter Kambitsos, Elias Kalogiros, and Gabriel Olivera, as a delivery employee. However, he would also spend significant time each day working in the kitchen, cleaning the restaurant, taking out the trash and stocking supplies.

3.      Plaintiff consistently worked for Defendants more than 40 hours per week.

4.       Defendants consistently paid the Plaintiff below minimum wage. They also failed to pay him his due overtime wages and spread of hours premium.

5.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

6.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

7.      Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

8.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

9.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10.     Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**THE PARTIES**
**Plaintiff**

**Roberto Rivas**

11.     Plaintiff Roberto Rivas ("Rivas") is an adult individual residing in the state of New York, County of Queens.

12.     Rivas is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13.     Rivas worked for Defendants from December 2015 to April 2016 and from August 2016 to September, 2016.

14.     Rivas was employed at Ripe Juice Bar & Grill, located at 70-13 Austin Street, Forest Hills, NY, 11375.

15.     Rivas was employed and accounted for by the Defendants as a delivery person. However, apart from performing deliveries, he would also spend significant time cleaning the restaurant, cleaning the kitchen, taking out the trash, buying supplies, and stocking supplies.

16.     Rivas regularly handled goods in interstate commerce during his employment, such as food and drinks made from ingredients that were imported from outside the State of New York.

17.     Since starting work in December 2015 to April 2016 and from August 2016 to September 2016, Rivas worked seven days per week. Rivas' hours worked were averaging around seventy-seven (77) hours per week and approximately ten to eleven hours per day.

18.     Throughout Rivas' employment with Defendants, Defendants did not utilize a time clock system or any other system in which to accurately keep track of Rivas' hours of work.

19.     Rivas' weekly pay, as determined by Defendants, was One Hundred and Eighty Dollars ($180), regardless of the actual number of hours worked. Rivas also received approximately $400 per week in tips.

20.     Rivas received his pay in cash at all times.

21.     Defendants paid Rivas below minimum wage at all times.

22.     Defendants repeatedly suffered or permitted Rivas to work over Forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

23.     Defendants have failed to pay Rivas spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Rivas' shift extended for more than ten (10) hours.

24.     Rivas was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

25.     Rivas was never provided with wage statements or other records detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

26.     Upon information and belief, while Defendants employed Rivas, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Rivas of such rights.

27.     Throughout the duration of his employment, Rivas did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

28.     Rivas consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

29.     Rivas has personal knowledge of other employees of Defendants who also worked hours for which they were not paid minimum and overtime wages.

**Defendants**

30.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a.     Defendants all suffered or permitted Plaintiff to work.

b.     Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.     Defendants each have an economic interest in the locations in which Plaintiff and similarly situated employees worked.

d.     Defendants all simultaneously benefitted from Plaintiff's work.

e.      Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.      Plaintiff and similarly situated employees performed work integral to each Corporate Defendant's operation.

31.    In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

32.    Upon information and belief, Corporate Defendants Ripe Juice Bar & Grill, and Freshark Franchise Corp. are related entities and operate together as a single integrated enterprise. Specifically, both corporations and/or branch locations are owned, managed, and operated by the same core team of Individual Defendants; Peter Kambitsis, Elias Kalogiros, and Gabriel Olivera. They offer similar services; namely fresh juice and smoothies, and they utilize the same media platforms for advertizing purposes. *See:* http://www.ripejuicebar.com/location/. They have also designated the same address for service of process.

33.    Upon information and belief, non-exempt workers associated with Ripe Juice Bar & Grill, and Freshark Franchise Corp., perform the same job duties, and are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at multiple locations without retraining.

34.    Accordingly, all non-exempt employees working at any one Corporate Defendant at a particular instance were simultaneously considered and accounted for as employees of all Corporate Defendants collectively.

**Corporate Defendants**

**<u>Ripe Juice Bar & Grill</u>**

35.    Ripe Juice Bar & Grill ("Ripe") is the trade name of a domestic corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 70-13 Austin Street, Forest Hills, NY 11375.

36.    Ripe is engaged in the retail sale of food and beverage items where customers order or select items and pay before consuming them. Such items can be consumed on the premises or delivered to customer's homes via delivery employees such as Plaintiff.

37.    Ripe is open daily seven (7) days per week and several hours per day. It employs a number of staff including cooks, waiters, cashiers, bussers, runners, and delivery employees.

38.    At all relevant times, Ripe was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

39.    At all relevant times, Ripe maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

40.    At all relevant times, Ripe was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients imported from out of state and distributed in New York. In addition, Ripe conducted business with vendors and other businesses outside the State of New York, and engaged in credit card transactions involving banks and other institutions outside the State of New York.

41.    Upon information and belief, at all relevant times, Ripe's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail

excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, Ripe was part of an integrated enterprise whose annual gross volume of sales exceeded $500,000.

**Freshark Franchise Corp.**

42.     Freshark Franchise Corp. ("Freshark") is a domestic corporation organized and existing under the laws of the State of New York with initial filing date of August 30, 2011.

43.     Upon information and belief, Freshark owns and operates Ripe, a sit down restaurant serving food and drinks to customers, located at 70-13 Austin Street, Forest Hills, NY 11375.

44.     At all relevant times, Freshark was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

45.     At all relevant times, Freshark maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

46.     At all relevant times, Freshark was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients imported from out of state and distributed in New York. In addition, Freshark conducted business with vendors and other businesses outside the State of New York, and engaged in credit card transactions involving banks and other institutions outside the State of New York.

47.     Upon information and belief, at all relevant times, Freshark's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the

alternative, Freshark was part of an integrated enterprise whose annual gross volume of sales exceeded $500,000.

## Individual Defendants

### Peter Kambitsis

48.    Upon information and belief, at all relevant times, Peter Kambitsis ("Kambitsis") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

49.    At all relevant times throughout Plaintiff's employment, Kambitsis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

50.    At all relevant times throughout Plaintiff's employment, Kambitsis was actively involved in the day-to-day operations of Corporate Defendants and was in charge of their finances.

51.    At all relevant times throughout Plaintiff's employment, Kambitsis was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

### Elias Kalogiros

52.    Upon information and belief, at all relevant times, Elias Kalogiros ("Kalogiros") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager,

shareholder and/or agent of Corporate Defendants.

53. At all relevant times throughout Plaintiff's employment, Kalogiros had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

54. At all relevant times throughout Plaintiff's employment, Kalogiros was actively involved in the day-to-day operations of the Corporate Defendants and was in charge of their finances.

55. At all relevant times throughout Plaintiff's employment, Kalogiros was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Gabriel Olivera**

56. Upon information and belief, at all relevant times, Gabriel Olivera ("Olivera") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

57. At all relevant times throughout Plaintiff's employment, Olivera had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the

Plaintiff while they were employed by Defendants.

58.     At all relevant times throughout Plaintiff's employment, Olivera was interacting with the Plaintiff and other employees at Ripe, was in-charge of clocking the Plaintiff's and other employees' hours, and was responsible for interviewing, hiring, and firing them.

59.     At all relevant times throughout Plaintiff's employment, Olivera was actively involved in the day-to-day operations of the Corporate Defendants and was in charge of their finances.

60.     At all relevant times throughout Plaintiff's employment, Olivera was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

61.     Pursuant to 29 U.S.C. §§ 203, 206, 207, 211(c) and 216(b), Plaintiff bring his First, Second, and Third Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

All persons employed by Defendants at any time since October 25, 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as waiters, busers, runners, cashiers, delivery employees and other non-management employees (the "Collective Action Members").

62.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime

premiums for work performed in excess of forty (40) hours each week. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

63.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

64.     Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

65.     At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

66.     At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

67.     Defendants were required to pay directly to Plaintiff and the Collective Action Members, the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

68.     Defendants failed to pay Plaintiff and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

69.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

70.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

71.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

72.     Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

73.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

74.     Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

75.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

76.     Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed

for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

77.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

### Fair Labor Standards Act – Failure to Keep Accurate Records

78.     Plaintiff and the Collective Action Members reallege and incorporate by reference all allegations in all preceding paragraphs.

79.     Defendants were required to make, keep and preserve accurate payroll records reflecting the actual hours worked by employees and the wages received by them pursuant to the FLSA, 29 U.S.C. § 211(c) and the supporting Federal regulations, 29 C.F.R. §§ 516.2, 516.5, and 516.28.

80.     By arbitrarily failing to count hours worked by Plaintiff and the Collective Action Members to determine their wages, Defendants also violated 29 C.F.R. § 785.47, which requires employers to compensate employees for any practically ascertainable period of time worked, however small.

81.     As a result, Plaintiff and the Collective Action Members, have suffered damages by being deprived of their proper minimum and overtime compensation according to the actual number of hours worked.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Minimum Wage

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

84.     At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

85.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

86.     From December 31, 2014, to December 30, 2015 the applicable hourly minimum wage in the State of New York was $8.75, and from December 31, 2015 onwards it was $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

87.     Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

88.     Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 146-1.2.

89.     Defendants did not even pay Plaintiff at the lower tip-credited rate frequently claimed for food service employees.

90.     Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

91.     Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

92.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### FIFTH CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime Wages**

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94.     The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

95.     Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

96.     Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

97.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

98.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law– Spread-of-Hours Pay

99.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

101.    Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

102.    Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

103.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL,

reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SEVENTH CAUSE OF ACTION

### New York Labor Law– Failure to Keep Accurate Records

104.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.   Defendants were required to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing, *inter alia*, for each week worked the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked pursuant to NYLL §§ 195(4) and 661 and the New York Department of Labor Regulations, 12 NYCRR 146-2.1.

106.   By intentionally failing to account for Plaintiff's entire amount of hours worked, Plaintiff has suffered damages by being deprived of his proper compensation according to the actual number of hours worked.

## EIGHTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

107.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

108.   Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer;

the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

109.    Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## NINTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

110.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    Defendants have failed to provide Plaintiff with wage statements listing all his hours of work; rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

112.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.      An order tolling the statute of limitations;

C.      Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

D.      Unpaid minimum wages, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.      Unpaid minimum wages, overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

F.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

G.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

H.      An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

I.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K.      An award of pre-judgment interest of nine per centum per annum  (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N.      Such other relief as this Court shall deem just and proper.


Dated: October 25, 2016



                                        Respectfully submitted,
                                        **PARDALIS & NOHAVICKA, LLP**

                        By:      _/s/Ariadne Panagopoulou_____
                                        Ariadne Panagopoulou (AP-2202)
                                        *Attorneys for the Plaintiff*
                                        35-10 Broadway, Suite 201
                                        Astoria, New York 11106
                                        Tel: 718.777.0400 | Fax: 718.777.0599
                                        Email:  ari@pnlawyers.com

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)

### **FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against **Ripe Restaurant** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated: 9/19/2016

Astoria, New York

Signature

Roberto Rivas

Print Name

9814 Alstine Ave

Address

347.813.2855

Telephone